IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYNK, INC.,

        Plaintiff,

v.                                              Case No. 06-2515-JWL-DJW

VARIMPO USA,
d/b/a SIMPLY STORAGE,

        Defendant.

**STIPULATED PROTECTIVE ORDER**

        **WHEREAS,** the parties hereto are engaged in discovery, in connection with which they will obtain from each other documents and information, some of which are or will be deemed by the supplying party to contain confidential commercial and business information; and

        **WHEREAS,** in order to proceed efficiently with discovery, the parties have agreed that the documents and information that a supplying party designates as containing such confidential information shall be treated as confidential; and

        **WHEREAS,** the parties also agree that certain particularly sensitive commercial information requires an additional degree of confidentiality, so that it is necessary to restrict its disclosure to outside counsel and experts only; and

        **WHEREAS,** Fed. R. Civ. P. 26(c), provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

        **THEREFORE,** it is hereby agreed that:

        1.     Either party supplying documents or information in this proceeding may designate such information or documents as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in the manner provided below.

        2.     The terms "CONFIDENTIAL" and "CONFIDENTIAL INFORMATION" shall mean any information, whether documentary or oral, so designated by any party that constitutes trade secrets, proprietary information, or commercially sensitive information that has been

KC-1498509-1

maintained as confidential.  A designation of information or documents as "CONFIDENTIAL" shall constitute a representation by the supplying party that in good faith believes that the material is entitled to protection under Fed. R. Civ. P. 26(c).

     3.     The term "ATTORNEY'S EYES ONLY" and "ATTORNEY'S EYES ONLY INFORMATION" shall mean CONFIDENTIAL INFORMATION, whether documentary or oral, designated by any party as "ATTORNEY'S EYES ONLY" as to which its disclosure shall be further limited because of its particularly commercially sensitive nature.

     4.     Documents or information deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be so designated by one of the following means:

     a.     Marking or stamping each page of a document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY";

     b.     Informing the other party that the documents contain CONFIDENTIAL or ATTORNEY'S EYES ONLY information;

     c.     During the course of an oral deposition, stating on the record that the testimony or question contains CONFIDENTIAL information or information for ATTORNEY'S EYES ONLY.  Alternatively, making such designation in writing within 10 business days of receipt of the transcript of the deposition, with the entire transcript being deemed to be "ATTORNEY'S EYES ONLY" during such 10-day period.  In either case, that portion of the deposition transcript containing the CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall be separately bound and marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY";

     d.     Marking or stamping the pages of interrogatory answers or the like containing confidential information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"; or

     e.     Marking and stamping the pertinent pages of any other documents, discovery responses, or correspondence containing CONFIDENTIAL or ATTORNEY'S EYES ONLY information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY".

KC-1498509-1

5. CONFIDENTIAL information and documents which a party receives through discovery (1) shall be used only for the purposes of this proceeding and (2) shall be disclosed only to the parties, the attorneys of record in this proceeding and other lawyers in their firm, and paralegal and clerical personnel employed by the parties or their outside counsel who are assisting such counsel in the preparation for trial or the trial of this action and independent consultants and experts employed by the parties or counsel for the parties to assist in the preparation for trial or the trial of this action, in accordance with paragraph 8 of this Order.

6. ATTORNEY'S EYES ONLY information and documents which a party receives through discovery (1) shall be used only for the purposes of this proceeding and (2) shall be disclosed only to the parties' attorneys, the paralegal and clerical personnel employed by such attorneys' firm who are assisting such counsel in the preparation for trial or the trial of this action, and independent consultants and experts employed by the parties or counsel for the parties to assist in the preparation for trial or the trial of this action, in accordance with paragraph 8 of this Order. However, in the event that "CONFIDENTIAL INFORMATION" or "ATTORNEY EYES ONLY" information is inadvertently disclosed to any unauthorized person, it shall not thereby lose its status under this Order.

7. While protected by this Protective Order, any information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this action; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose. At trial, Confidential Information may be used in accordance with the Rules of Evidence and the terms and intentions of this Order.

8. Prior to the disclosure of any information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to paragraphs 5 and 6 hereof, a copy of this Protective Order shall be shown to each person to whom information will be disclosed and that person must agree to be bound by the terms of this Protective Order. All individuals who are not counsel of record must sign, for filing with the Court, a copy of the attached Acknowledgment of Stipulated

KC-1498509-1

Protective Order, agreeing to be bound by the terms of this Order.

9. To the extent that any documents, briefs, interrogatory answers, responses to requests for admission, deposition transcripts or any other materials to be filed with the Court reveal or tend to reveal information claimed as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", these papers or any portion thereof shall be filed under seal. The party seeking to file confidential information must first file a motion with the Court and be granted leave to file the particular document under seal. In addition, the envelope shall carry the caption of the case, a description of the nature of the document being filed and the following designation.

10. In the event that a party objects to the designation of any information or documents as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", it shall first try to resolve its objections on an informal basis with the supplying party. Failing such resolution, the objecting party may move the Court, upon proper notice to the supplying party, to challenge the appropriateness of the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation. Counsel shall avoid designating as confidential, documents and materials which are available to the public or which are available from third parties without constraints of confidentiality, absent compelling circumstances to the contrary.

11. Nothing in this Protective Order shall prejudice a party from seeking amendments hereto broadening or restricting the rights of access to and the use of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or documents or seeking other modifications of this Protective Order.

12. Upon termination of this proceeding, either by settlement or final adjudication, including all appeals, any party and its counsel which obtain CONFIDENTIAL and ATTORNEY'S EYES ONLY information or documents through discovery shall either return, through its outside counsel, all such CONFIDENTIAL and ATTORNEY'S EYES ONLY information or documents, including all copies thereof, to the supplying party from whom such documents or information was obtained, or destroy all such CONFIDENTIAL and ATTORNEY'S EYES ONLY information and documents, including all copies thereof, and by

KC-1498509-1

letter inform the supplying party that such CONFIDENTIAL and ATTORNEY'S EYES ONLY documents and information have been destroyed.  No extra, backup or additional copies shall be retained.

13. The obligation to treat CONFIDENTIAL and ATTORNEY'S EYES ONLY documents or information as CONFIDENTIAL and ATTORNEY'S EYES ONLY and not to disclose such CONFIDENTIAL and ATTORNEY'S EYES ONLY information or documents shall survive any settlement or adjudication of this action.  This Court does not automatically retain jurisdiction to enforce the protective order after any settlement or adjudication of this action.  If any party feels that any provision of this Protective Order has been broken following final disposition of the case, that party may seek leave to reopen the case to enforce the provisions of the Protective Order.

IT IS SO ORDERED.

Dated this 16th day of May 2007.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

KC-1498509-1


| STIPULATED AND AGREED TO: | |

Date: 05-15-2007        /Patrick D. Kuehl, Jr./

Richard R. Johnson        Bar #: 70257
Patrick D. Kuehl, Jr.        Bar #: 70626
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112-2551
Tel:     (816) 983-8159
Fax:    (816) 983-8080
E-mail:  rjohnson@blackwellsanders.com
E-mail:  pkuehl@blackwellsanders.com
ATTORNEYS FOR PLAINTIFF

Date: 05-15-2007        /Russell S. Jones, Jr./

Russell S. Jones, Jr.        Bar #: 70814
Shughart Thomson & Kilroy P.C.
120 W. 12th Street, Suite 1600
Kansas City, MO 64105
Tel:     (816) 374-0532
Fax:    (816) 817-0198
Email: rjones@stklaw.com
ATTORNEYS FOR DEFENDANT

KC-1498509-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LYNK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2515-JWL-DJW |
| ) | |
| VARIMPO USA, ) | |
| d/b/a SIMPLY STORAGE, ) | |
| ) | |
| Defendant. ) | |

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

**I, _____, hereby acknowledge that I have been provided with and have read the terms of the Stipulated Protective Order entered in this cause. I understand the terms of that Order, and agree to be bound by those terms. In particular, I acknowledge that I am not to share any documents or information designated as "ATTORNEYS EYES ONLY" with any party to this case, or with any other person other than counsel of record. I hereby consent to jurisdiction and venue in the United States District Court for the District of Kansas for any action which may be pursued arising out of or relating to any alleged breach by me of the terms of the Stipulated Protective Order.**

**Dated: _____, 2007                    _____**

KC-1498509-1